**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000029
17-FEB-2026
07:58 AM
Dkt. 69 SO**

NO. CAAP-24-0000029

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TUNU AFELE, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CPN-22-0000001)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Petitioner-Appellant Tunu Afele (**Afele**) appeals from the December 18, 2023 Findings of Fact; Conclusions of Law; Order Rejecting Claims Raised in November 7, 2022 [Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40] Petition & June 30, 2023 Supplement Thereto (**Order Denying Rule 40 Petition**) entered by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]

In the underlying criminal case, Afele was charged on June 4, 2020, in the District Court of the Fifth Circuit with 14 felony counts, which were then amended on June 10, 2020, to include: Counts 1-4, Robbery in the First Degree; Count 5: Carrying or Use of Firearm in the Commission of a Separate Offense; Count 6, Terroristic Threatening in the First Degree; Counts 7 & 8, Criminal Property Damage in the First Degree;

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

Counts 9 & 10, Ownership or Possession Prohibited of Any Firearm or Ammunition by a Person Indicted For/Who Waived Indictment For/Bound over to the Circuit Court For/Convicted of Certain Crimes; Count 11, Place to Keep Loaded Firearms Other than Pistols and Revolvers; Count 12, Place to Keep Ammunition; Count 13, Loaded Firearm on a Public Highway; Count 14, Theft in the First Degree, and Count 15, Terroristic Threatening in the First Degree. The case was committed to the Circuit Court on June 15, 2020.

Afele entered a No-Contest Plea (**Plea**) on July 8, 2020, pleading no contest to Counts 1, 6, 14, and 15. Pursuant to a plea agreement, the State agreed to drop the remaining charges and discontinue pursuit of extended or consecutive terms. In turn, Afele agreed that he would waive the preliminary hearing, would not request supervised release or a reduction in bail while awaiting sentencing, and that he would not pursue a direct appeal from his conviction. On February 24, 2021, Afele was sentenced to, *inter alia*, a 20-year term of imprisonment with a ten-year mandatory minimum.

On November 7, 2022 Afele filed, *pro se*, the Rule 40 Petition. Counsel was thereafter appointed and a Supplement to Petition was filed. On December 18, 2023, the Circuit Court entered the Order Denying Rule 40 Petition. Afele timely appealed.

Afele raises two interrelated points of error on appeal, contending that the Circuit Court erred in: (1) denying his Rule 40 Petition without a hearing and concluding that Afele did not raise a colorable claim for relief; (2) in Findings of

Fact (**FOFs**) 4, 5, and 8-15, and Conclusions of Law (**COLs**) 5, 6, 10-17, and 18-35 by finding and concluding that Afele failed to raise a colorable claim that his plea was not knowing, intelligent, and voluntary, and that counsel was ineffective.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Afele's points of error as follows:

A petitioner is entitled to a hearing on post-conviction review when the petition states a colorable claim for relief. Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994).[2] A claim is colorable when the allegations in the petition, taken as true, would possibly change the outcome. Id.

Afele argues that his trial counsel was ineffective because he pressured Afele into taking a plea offer by (i) telling Afele that he would likely be sentenced to 80 years in prison, (ii) advising Afele to waive his preliminary hearing, (iii) advising Afele not to post bail because Afele would lose the plea offer, (iv) refusing to negotiate the plea terms, and (v) hardly, if ever, contacting Afele in jail.

---

[2]     HRPP Rule 40 states in part:

> **(f)  Hearings.**  If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.  However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner.  The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.

"Under article I, section 14 of the Hawaiʻi Constitution and the Sixth Amendment of the United States Constitution, defendants in criminal cases are provided with the right to the effective assistance of counsel at trial." State v. Salavea, 147 Hawaiʻi 564, 568, 465 P.3d 1011, 1015 (2020). Hawaiʻi courts determine whether the assistance, when viewed as a whole, was within the "range of competence demanded of attorneys in criminal cases[.]" State v. Richie, 88 Hawaiʻi 19, 39, 960 P.2d 1227, 1247 (1998).

To prove ineffective assistance of counsel, a petitioner must show "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." Grindling v. State, 144 Hawaiʻi 444, 451, 445 P.3d 25, 32 (2019) (quoting State v. Silva, 75 Hawaiʻi 419, 440, 864 P.2d 583, 593 (1993)). Under this standard, a petitioner need not show actual or probable prejudice, but only possible prejudice. Wilton v. State, 116 Hawaiʻi 106, 111, 170 P.3d 357, 362 (2007).

"General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry." Adams v. State, 103 Hawaiʻi 214, 227, 81 P.3d 394, 407 (2003). Where a petitioner alleges insufficiency at the plea bargaining stage, our inquiry ends where counsel's advice to take the plea is clearly tactical in nature. Id. In Adams, counsel was determined to be competent despite failing to inform his client of a statute of limitations defense and advising him to take a

4

plea deal. Id. at 227-28, 81 P.3d at 407-08. The court reasoned this advice was reasonable because the plea reduced the defendant's possible maximum term from twenty years to ten. Id. Similarly, this court held there was an "obvious tactical basis for accepting a time-sensitive plea proposal which would dismiss seven counts and forestall further consecutive sentencing and higher mandatory minimums[.]" State v. Mikasa, 110 Hawaiʻi 441, 448 134 P.3d 607, 614 (App. 2006).

Afele's claims of ineffective assistance of counsel are general in nature. Unlike in Adams, Afele has not identified any defenses his attorney could have argued in lieu of accepting a plea and instead argues that his lawyer did not communicate with him enough and that Afele could have aided in his defense better if he had bailed out. Like the defendant in Mikasa, Afele received the benefit of the bargain. His potential maximum sentence was effectively reduced from 80 years to 20 years. Eleven counts were dismissed. Afele's plea agreement was time sensitive and conditioned on his cooperation. Afele fails to cite any authority supporting his contention that his counsel was ineffective for allegedly failing to argue for a better deal.

Afele's other allegations of ineffective assistance of counsel fail because they were conditions of the plea agreement. The plea agreement required Afele to waive his preliminary hearing and not request a reduction in bail or supervised release while awaiting sentencing. Neither a preliminary hearing nor the availability of bail or supervised release terms are potentially meritorious defenses to a crime. Counsel's advice to accept the plea, rather than lose it, is the kind of tactical choice that

5

does not rise to ineffectiveness. Because Afele does not point to any potential defenses trial counsel failed to mount, his HRPP Rule 40 Petition did not state a colorable claim.

Afele also argues that the Plea was invalid because his attorney pressured him into taking the Plea and because the plea colloquy was deficient.

A no-contest plea constitutes a waiver of several constitutional guarantees. State v. Solomon, 107 Hawaiʻi 117, 126-27, 111 P.3d 12, 21-22 (2005). Waiver of constitutional rights must be knowing, intelligent, and voluntary. Id. Hawaiʻi courts shall not accept a no-contest plea without first addressing the defendant in open court and determining the plea is knowing and voluntary. HRPP 11(e) (2006).

Afele argues that his plea was not knowing, intelligent and voluntary because counsel's performance was so deficient that Afele "could not make a reasoned decision" on whether to plead guilty. Specifically, Afele argues that counsel pressured him by failing to communicate, failing to negotiate a plea deal, and by allegedly telling Afele he would likely receive a sentence of 80 years imprisonment.

This argument is essentially a restatement of Afele's ineffective assistance of counsel argument. But, as shown above, Afele's trial counsel did not commit ineffective assistance of counsel, and thus this claim fails. Afele does not cite to, and we cannot find, any authority that an attorney's advice to take a plea deal renders that plea invalid, if the plea is entered knowingly, voluntarily, and intelligently. Here, the Circuit Court specifically colloquied Afele concerning whether he had an

opportunity to discuss the facts of the case with counsel, whether he received and was satisfied with legal advice from counsel, whether he had any complaints against counsel, and whether anyone was forcing him to change his pleas from not guilty to no-contest as to the four charges. We conclude that Afele's argument that the Plea was not knowing, voluntary, and intelligent because counsel was ineffective is without merit.

Afele further argues that the plea colloquy was deficient because the Circuit Court did not inform him that (1) at a jury trial he could participate in jury selection, (2) the jurors would have to be unanimous in their verdict, or (3) the jury could be instructed on lesser-included offenses.

The Hawaiʻi Supreme Court has expressly rejected the argument that trial courts must specifically advise a defendant of his right to participate in jury selection and his right to a unanimous verdict. State v. Gomez-Lobato, 130 Hawaiʻi 465, 470, 312 P.3d 897, 902 (2013). Afele does not cite, and we cannot find, any requirement that a plea colloquy must advise a defendant on possible lesser-included offenses. The plea colloquy, nearly twenty minutes long, was a true colloquy that tracked HRPP Form K, informed Afele of his constitutional rights, and ensured that his plea was knowing, intelligent, and voluntary. Upon review of the entirety of the colloquy and the totality of the circumstances of Afele's Plea, we conclude that the colloquy was sufficient and Afele's waiver of, *inter alia*, his right to a jury trial was not constitutionally infirm.

For these reasons, the Circuit Court's December 18, 2023 Order Denying Rule 40 Petition is affirmed.

DATED:  Honolulu, Hawaiʻi, February 17, 2026.

On the briefs:

Kai Lawrence,
for Petitioner-Appellant.

Tracy Murakami,
Jennifer S. Winn,
Deputy Prosecuting Attorneys,
County of Kauaʻi,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge